IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


RHONDA F. BRADLEY,                    :
                                      :
        Plaintiff,                    :
                                      :
v.                                    :        CIVIL ACTION 06-0352-M
                                      :
JO ANNE B. BARNHART,                  :
Commissioner of                       :
Social Security,                      :
                                      :
        Defendant.                    :


<u>MEMORANDUM OPINION AND ORDER</u>


        In this action under 42 U.S.C. § 405(g), Plaintiff seeks
judicial review of an adverse social security ruling which denied
a claim for disability insurance benefits.  The parties filed
written consent and this action has been referred to the
undersigned Magistrate Judge to conduct all proceedings and order
the entry of judgment in accordance with 28 U.S.C. § 636(c) and
Fed.R.Civ.P. 73 (*see* Doc. 15).  Oral argument was waived in this
action (Doc. 16).  Upon consideration of the administrative
record and the memoranda of the parties, it is **ORDERED** that the
decision of the Commissioner be **REVERSED** and that this action be
**REMANDED** to the Social Security Administration for further action
not inconsistent with the orders of the Court.

        This Court is not free to reweigh the evidence or substitute
its judgment for that of the Secretary of Health and Human Ser-
vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence. *Richard-son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born August 2, 1961.  At the time of the second administrative hearing, Bradley was forty-two years old, had completed a high school education (Tr. 176), and had previous work experience as an artificial flower painter (Tr. 177).  In claiming benefits, Plaintiff alleges disability due to status post right parietal CVA and mild degenerative changes of the cervical spine, a visual impairment, and borderline intellectual functioning (Doc. 10).

The Plaintiff protectively filed an application for disability insurance benefits on May 31, 2002 (Tr. 112-15). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Bradley was capable of performing her past relevant work as an artificial flower painter (Tr. 45-65).  Plaintiff requested review of the hearing decision (Tr. 13-14) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Bradley alleges

that:  (1) The ALJ improperly determined that her visual impairment was not severe; (2) the ALJ improperly determined that her borderline intellectual functioning was not a severe impairment; and (3) the ALJ did not properly consider the opinions and conclusions of her treating physician (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 11).

Plaintiff first claims that the ALJ improperly determined that her visual impairment was not severe.[1]  In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2005).[2]  The eleventh circuit has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

---

[1]Because the Court finds this claim to have merit, it will not address the other claims.

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

Plaintiff was seen by Dr. Hamp H. Greene, a neurologist, from May 6-16, 2002 (Tr. 252-61, 333). An EEG was abnormal "due to slowing seen over the right hemisphere" (Tr. 257). A cranial MRI showed a right occipital infarct which he explained as being "the genesis of her left field cut" (Tr. 254). Greene also "admonished" Bradley about driving (*id.*).

Dr. Nicholas Edward Barreca, an ophthalmologist, examined Bradley on August 29, 2002 (Tr. 326-30, 332). The doctor found Plaintiff to have normal muscle function, and useful binocular vision, with glasses, in all directions for near and distant objects. Barreca noted that the "visual field in the right eye was concentrically constricted, without any hemianopic changes" (Tr. 327); he found that Bradley's prognosis was good from a visual stand point. The ophthalmologist noted that Plaintiff's "family physician ha[d] recommended that she not drive [and stated that this was] not based on objective measurement of visual acuity or visual fields, but on visual performance" (Tr. 328). Barreca further noted that there were no visual restrictions. Finally, the doctor stated the following: "If in fact, the patient had a lesion on the right temporal occipital lobe, the visual field in fact should have been reduced to the left, which would have reduced the temporal aspect of the left visual field and not the right" (Tr. 327).

On October 30, 2003, Dr. Walid S. Freij, a neurologist,

performed an evaluation in which he noted that Bradley's visual acuity was OD 20/70 and OS 20/40 (without glasses) and OU 20/100 (with eyeglasses) (Tr. 399-404, 406).  The doctor further noted that extra ocular movements were normal in all directions with no nystagmus.  Noting that Plaintiff had been diagnosed to have had a stroke in the right occipital temporal region, Dr. Freij expressed the opinion that she "would not be able to do jobs that would require full vision because of her visual field cut. Working on a line, for instance, would be extremely difficult. . . . She would not be able to drive" (Tr. 401).

In his determination, the ALJ acknowledged Dr. Greene's examination results but did not indicate what weight he gave his opinion (Tr. 54, 57-58).  The ALJ specifically rejected the opinion of Dr. Freij but accepted the examination results of Dr. Barreca; Freij's opinion was rejected because of Barreca's specialty as an ophthalmologist (Tr. 57-58).  The ALJ also found it compelling that Bradley's treating physician had "never deemed it necessary to check the claimant's vision" (Tr. 58).

The Court notes at the outset that Bradley's treating physician referred Plaintiff to Dr. Green for neurological evaluation (*see* Tr. 258).  Dr. Green noted Bradley's "left field cut" because of a right occipital infarct (Tr. 254).  This is consistent with Dr. Barreca's statement that injury on the right side of the brain would hurt vision on the left (*see* Tr. 327).

The Court is aware that the ALJ accepted the opinion of Barreca and rejected that of Freij, but he did not state what weight he gave to Dr. Greene's opinion.  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Because two neurologists each expressed the opinion that Bradley had visual problems and should not drive and the ALJ did not express an opinion regarding Dr. Greene's assessment, the Court cannot find that the ALJ's decision is supported by substantial evidence.  While the Court cannot say that the ALJ's decision is wrong that Plaintiff does not have a severe vision problem, it cannot say that it is correct either.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's visual abilities.  Judgment will be entered by separate order.

DONE this 13th day of December, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE