IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RHONDA F. BRADLEY,              :
                               :
        Plaintiff,             :
                               :
vs.                            :    CIVIL ACTION 06-0352-M
                               :
MICHAEL J. ASTRUE,             :
Commissioner of                :
Social Security,               :
                               :
        Defendant.             :

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's
Petition for Authorization of Attorney Fees pursuant to 42 U.S.C.
§ 406(b) (Doc. 24) and Defendant's Response to Plaintiff's
Petition for Authorization of Attorney Fees Pursuant to 42 U.S.C.
§ 406(b), in which he notifies the Court that he does not oppose
the Petition (Doc. 25).  After consideration of all pertinent
materials in the file, it is **ORDERED,** without objection by the
Government, that Plaintiff's attorney's Petition for Authorization
of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Byron
A. Lassiter, be **AWARDED** a fee of $11,511.00 for his services
before this Court and that Mr. Lassiter pay to Plaintiff the sum
of $1,412.50, which sum represents the fee previously awarded
pursuant to the Equal Access to Justice Act (EAJA).

Plaintiff hired Mr. Lassiter on May 10, 2006, to pursue her
claim for a period of disability and Disability Insurance Benefits
after her claim was denied initially and at the hearing level.  At

that time, it was agreed that Mr. Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on June 6, 2006 (Doc. 24, Ex. E).

For the past approximately 2 years and 2 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for Disability Insurance Benefits, which application was denied initially and at the hearing level on January 28, 2005. Counsel for Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which request was denied on April 10, 2006.  On behalf of Plaintiff, counsel commenced a civil action in this Court on June 6, 2006.

On November 29, 2006, the parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 13) and, by Order dated November 29, 2006 (Doc. 15), Judge Hand referred this action to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

On December 13, 2006, the undersigned Judge entered a Memorandum Opinion and Order and Judgment in which the decision of the ALJ was reversed and this action remanded for further administrative proceedings not inconsistent with the Orders of this Court (Docs. 17, 18).  Upon remand, the ALJ rendered a fully

favorable decision on November 27, 2007, finding Plaintiff disabled commencing April 17, 2002, her alleged onset date.

Counsel for Plaintiff received a Notice of Award dated March 17, 2008, stating that Plaintiff was awarded the amount of $40,540.50 in past-due benefits and that the amount of $13,513.50, representing twenty-five percent of Plaintiff's past-due benefits, was withheld for payment of authorized attorney fees (Doc. 24, Ex. B).  Counsel also received a Notice of Award dated June 4, 2008, stating that child's benefits were awarded to Shaneka D. Caves and that $3,297.50, representing twenty-five percent of Shaneka's past-due auxiliary benefits (approximately $13,190.00), was withheld for the payment of attorney's fees.  Defendant is awaiting an order from the Court before disbursing these withheld funds.

Mr. Lassiter was awarded $5,300.00 in administrative attorney fees by the Chief ALJ on June 19, 2008 (Doc. 24, Ex. D).  In the instant Petition, he requests a fee in the amount of $11,511.00 for his services before this Court.  The sum of these fees equals twenty-five percent of Plaintiff's past-due benefits, which is consistent with the agreement between Mr. Lassiter and Plaintiff.

On June 27, 2008, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $11,511.00 (Doc. 24).  Mr. Lassiter spent a total of 11.3 hours before this Court

and has represented Plaintiff before this Court since 2006, when the complaint for judicial review was filed, without compensation for his time spent before this Court.  Defendant has no objection to the requested fee (Doc. 25).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d

_____

[1]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

4

1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to

assure that they yield reasonable results in particular cases".
Id. at 1828.  Congress has provided one boundary line:  Agreements
are unenforceable to the extent that they provide for fees
exceeding twenty-five percent of the past-due benefits.  Within
the twenty-five percent boundary, the attorney for the successful
claimant must show that the fee sought is reasonable for the
services rendered.  Id. at 1828.

    The fees provided for in 42 U.S.C. § 406(b) are in addition
to those provided in § 406(a), which states that the Commissioner
may award attorney's fees, to a successful claimant's attorney for
work performed before the Social Security Administration.  Fees
awarded pursuant to § 406(a) and § 406(b) are awarded in addition
to any attorney's fees a claimant's attorney may receive pursuant
to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the
Commissioner's position before the Court was not "substantially
justified." Gisbrecht, 122 S.Ct. at 1822.

    In order to avoid a double recovery of attorney's fees, a
claimant's attorney who is awarded attorney's fees under § 406(b)
and the EAJA must refund the lesser amount to his or her client.
Id. at 1822.  By Order and Judgment entered April 2, 2007 (Docs.
22, 23), the Commissioner was ordered to pay counsel for Plaintiff
the amount of $1,412.50 in fees pursuant to EAJA.  In the instant
petition, Mr. Lassiter requests the Court to include in its order
a provision that he pay to Plaintiff the sum of $1,412.50, which

sum represents the fee awarded under EAJA and which is currently
held in trust for Plaintiff's benefit.  An attorney's fee awarded
under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset
by the previous attorney's fees awarded under EAJA, which in this
instance is $1,412.50.

The Supreme Court in Gisbrecht did not set out the specific
factors that the district courts are to consider when reviewing
fees yielded by a contingent-fee agreement but it did cite with
approval the opinions of courts in several circuits that give
effect to the contingent-fee agreements, if the resulting fee is
reasonable.

> Courts that approach fee determinations
> by looking first to the contingent-fee
> agreement, then testing it for
> reasonableness, have appropriately reduced
> the attorney's recovery based on the
> character of the representation and the
> results the representative achieved.  See,
> e.g., McGuire V. Sullivan, 873 F.2d 974, 983
> (C.A.7 1989) ("Although the contingency
> agreement should be given significant weight
> in fixing a fee, a district judge must
> independently assess the reasonableness of
> its terms."); Lewis v. Secretary of Health
> and Human Servs., 707 F.2d 246, 249-250
> (C.A.6 1983)(instructing reduced fee when
> representation is substandard).  If the
> attorney is responsible for delay, for
> example, a reduction is in order so that the
> attorney will not profit from the
> accumulation of benefits during the pendency
> of the case in court.  See Rodriquez v.
> Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).
> If the benefits are large in comparison to
> the amount of time counsel spent on the case,
> a downward adjustment is similarly in order.
> See id., at 747 (reviewing court should

disallow "windfalls for lawyers"); <u>Wells v.
Sullivan</u>, 907 F.2d 367, 372 (C.A.2
1990)(same).  In this regard, the court may
require the claimant's attorney to submit,
not as a basis for satellite litigation, but
as an aid to the court's assessment of the
reasonableness of the fee yielded by the fee
agreement, a record of the hours spent
representing the claimant and a statement of
the lawyer's normal hourly billing charge for
noncontingent-fee cases.  <u>See Rodriguez</u>, 865
F.2d at 741.  Judges of our district courts
are accustomed to making reasonableness
determinations in a wide variety of contexts,
and their assessments in such matters, in the
event of an appeal, ordinarily qualify for
highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the
contingency percentage is over the twenty-five percent cap, where
there is evidence of fraud or overreaching in making the
agreement, or where the requested amount is so large as to be a
windfall to the attorney.  <u>Wells</u>, 907 F.2d at 372.  A district
court, upon finding the contingent-fee agreement provides for an
unreasonable fee, may reduce the fee provided it states reasons
for and the amount of the reduction.  <u>Id</u>. at 372.

Therefore, it appears that the Supreme Court intends the
district courts to give great deference to the contingent-fee
agreements and to uphold them if the fees produced by them are
reasonable.  Factors that may be considered in reviewing for
reasonableness are (1) the character of representation; (2) the
result achieved by the attorney; (3) any delay caused by the

attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2006 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $11,511.00 is reasonable for the services rendered before this Court and does not exceed twenty-five percent of Plaintiff's past-due benefits.

Therefore, it is **ORDERED**, without objection from Defendant,

that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee in the amount of $11,511.00 for his services before this Court.  It is **FURTHER ORDERED** that Mr. Lassiter pay to Plaintiff the sum of $1,412.50, which sum represents the EAJA fee previously awarded.

DONE this 1st day of July, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE